UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ZIGMOND BRACH, et al.,

        Plaintiffs,

     - against -

BENJAMIN HERBST, et al.,

        Defendants.
-------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
00-CV-00473 (RRM) (KAM)

MAUSKOPF, United States District Judge.

By motions dated May 17 (Docket No. 182) and August 28, 2007 (Docket No. 196), plaintiff Zigmond Brach ("Brach") moved to confirm a March 1, 2007 arbitration award issued by the Beth Din (rabbinical court) against pro se defendant Benjamin Herbst ("Herbst") and in favor of Brach. By Order dated February 6, 2008 (Docket No. 207), this court directed Herbst to show cause, on or before February 22, 2008, why the arbitration award should not be confirmed pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. After Herbst failed to comply with the court's February 6 Order, Brach filed a letter application dated February 26, 2008 (Docket No. 212), renewing his motion to confirm the award.

On April 4, 2008, this court issued another Order (Docket No. 219) requiring Herbst to show cause why the arbitration award should not be confirmed. That Order directed Herbst to file any submissions relating to the confirmation of the arbitration award by May 16, 2008, and directed all parties to appear before the court on May 28, 2008.

Between July 26, 2007, and May 28, 2008, Herbst filed nothing with the court, in spite of numerous court orders requiring written submissions regarding the arbitration award and other issues. Herbst did, however, appear at the May 28 conference. At that conference, Herbst made

numerous assertions concerning the propriety of the arbitration award. The court informed Herbst that if he sought to vacate and/or modify the arbitration award, he could do so only by making a proper, written showing, setting forth the factual and legal bases for his request. The court ordered Herbst to serve his written submission on Brach and to file it with the court on or before June 11, 2008. Herbst has failed to comply with that Order.

For the reasons set forth below, Brach's motion to confirm the arbitration award pursuant to 9 U.S.C. § 9 is GRANTED.

# I.
# Factual and Procedural Background

Brach and his co-plaintiffs originally filed this case in January 2000. By Order dated March 1, 2006 (Docket No. 179), our predecessor court (Townes, J.)[1] stayed proceedings in this case to permit Brach and Herbst voluntarily to arbitrate their claims before the Beth Din. Brach and Herbst proceeded to Beth Din arbitration, resulting in an award issued on March 1, 2007, against Herbst and in favor of Brach, in the amount of $475,000.00. See Affirmation of Roy I. Martin, Esq., in Support of Plaintiff Brach's Motion to Confirm Arbitration Award (Docket No. 182 Exs. C, D) (Beth Din arbitration award and certified English translation thereof). The full (translated) text of the award reads as follows:

> By the Grace of G-d
>
> On the matter of controversies between Mr. Cheskel Brach the plaintiff, and between Mr. Benjamin Eliezer Herbst the defendant; after the parties performed a complete Agav Suder binding procedure and signed an arbitration agreement, and

---

[1] This case was reassigned to the undersigned on January 2, 2008.

> after hearing arguments and carefully analyzing the matter, the following Rabbinical Court Ruling, based on a compromise, was issued:
>
> The defendant is required to pay the plaintiff the amount of $475,000 for all of the plaintiffs' claims.
>
> May all of them settle in peace.
>
> On this we affixed our signatures on Thursday of chapter Tetzaveh, 11 Adar 5767 [civil calendar: March 1, 2007]

(Id.)

The award was signed by all three members of the arbitration panel. Based on this award, on May 23, 2007, Brach moved to vacate the stay and to confirm the arbitration award (Docket No. 182).

By cross-motion dated July 5, 2007 (Docket No. 190) Herbst moved to modify and/or correct the arbitration award.[2] Herbst explained the bases for his objection to the confirmation of the award in a subsequent letter to the court dated May 29, 2007 (and "re-dated," by handwritten notation, July 5, 2007) (Docket No. 191) (styled as a cross-motion to vacate, modify and/or correct the award).[3] Herbst's central objection was based on his representation that he asked the arbitrators "to modify and/or clarify and/or correct their award, to address with specificity the totality of the award as it relates to Brach's claims against [Herbst]; [Herbst's]

---

[2] Herbst made numerous other requests in this motion, including requests to amend the caption and to require the plaintiffs to clarify their claims in accordance with a prior court order. These requests are not within the scope of this Order.

[3] Herbst's first objection centered on the cover letter to the motion to confirm submitted by Brach's attorney, Roy I. Martin, Esq., insofar as it suggested that the arbitration award was issued against not only Herbst, but against defendants Rhoda Herbst and Montreal Development Corporation as well. See Docket No. 182 at 1. Brach's notice of motion, however, made clear that he sought confirmation only against Herbst. Id. at 3. In any event, the record in this matter and the arbitration award itself make clear that the award concerns only Brach and Herbst, and there is no real dispute that this is the case. See Docket No. 179 (Order staying case pending arbitration); Docket No. 182 Ex. C (arbitration award).

3

claims against Brach; and the status of 'ownership' of a certain (Tress) mortgage . . ." (Docket No. 191 at 2.)

By letters dated July 6 and July 9, 2007, respectively, Brach's attorney, Mr. Martin, wrote to Rabbis Grause and Silber, two of the three members of the Beth Din arbitration panel, asking that they acknowledge that the $475,000.00 arbitration award remained in "full force and effect." Brach Motion to Confirm Arbitration Award (Docket No. 196) at Ex. E. By endorsed notations on Mr. Martin's letters, dated July 6 and July 9, 2007, respectively, both Rabbis Grause and Silber acknowledged the validity of the arbitration award. (Id.)

Shortly thereafter, by letter dated July 12, 2007, the third rabbi from the panel, Rabbi Krauss, wrote a letter to the court, seeking to "clarif[y] and recapitulat[e]" the calculations that led to the $475,000.00 arbitration award. See July 12, 2007 Letter from Rabbi Krauss to Judge Townes, attached to July 16, 2007 letter filed by Herbst (Docket No. 193). That letter detailed the history of payments exchanged between Brach and Herbst, and concluded as follows:

(1) "Brach and his entity PY Funding shall execute and deliver to defendant Herbst any document which is required by law in order to transfer and assign ownership of the [Tress mortgage];"

(2) "Herbst shall have the right to pursue and collect from the obligors of the [Tress mortgage];" and

(3) "Herbst is adjudged to pay the plaintiff Brach the balance of $475,000.00 which remains due and owing by Herbst to Brach."

(Id.)

Finally, by letter dated July 26, 2007 (Docket No. 194), Herbst explained that, because of the "extreme brevity of the Rabbinical Award," he had sought "clarification (not actually modification)" from the Beth Din panel on the issue of how the Tress mortgage factored into the

4

panel's calculation of the award. (Docket No. 194 at 2.) In his letter, Herbst himself noted that this disagreement was "totally irrelevant at this point," and acknowledged that the "clarification" that Herbst sought and received from the panel "[did] not change the net amount of the award to plaintiff Brach, in the amount of $475,000.00." (Id. at 3.) This was the last written submission that Herbst filed in this case.

At the May 28, 2008 conference, Herbst reiterated his objection to the award on the ground that it failed to properly account for the status of the so-called "Tress" mortgage. In addition, Herbst, for the first time, made assertions suggesting possible improprieties on the part of one or more members of the arbitration panel. Specifically, Herbst suggested, for the first time, that one of the arbitrators may have heard evidence relating to the "Tress" mortgage during ex parte proceedings conducted by less than all of the (three) members of the arbitration panel. Herbst provided no facts to support this assertion, however, nor did he dispute the fact that the arbitration award was signed and issued by all three members of the arbitration panel.

Based on the issues Herbst raised at this conference, the court informed Herbst that he would be afforded one final opportunity to make a showing as to why the arbitration award should not be confirmed. The court directed Herbst to specifically enunciate the legal basis for any relief he sought, e.g., vacation of the award under 9 U.S.C. § 10 or modification/correction of the award under 9 U.S.C. § 11, and to provide the factual basis for such relief, including any supporting documentary or other evidence and/or sworn affidavits as appropriate to support his factual allegations. The court informed Herbst that he bore a substantial burden in opposing the confirmation of the award, and made clear that Herbst could not avoid confirmation of the award on the basis of vague, conclusory or unsupported allegations. The court therefore ordered Herbst

to serve his written submission on Brach and to file it with the court on or before June 11, 2008. Herbst again failed to comply with the court's Order.

## II.
## Applicable Law

Confirmation of an arbitration award under Section 9 of the FAA is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Section 9 states that a court, upon timely application by any party, must grant an order confirming the arbitration award unless the award is vacated, modified or corrected under section 10 or 11 of the FAA. See 9 U.S.C. § 9. A district court's review of an arbitration award is very limited, "in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Great E. Secs., Inc. v. Goldendale Invs., Ltd., 06 Civ. 6667 (DAB), 2006 U.S. Dist. LEXIS 94271, at *11-12 (S.D.N.Y. Dec. 20, 2006) (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997)). As the Second Circuit has explained, "[t]he grounds for vacation [of an arbitration award] are narrow. Courts may not question provisions of the award itself; rather, they may vacate only for conduct that has prejudiced the rights of the parties." Florasynth, 750 F.2d at 176. Indeed, "the showing required to avoid summary confirmation is high." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987); see also Nat'l Bulk Carriers, Inc. v. Princess Mgmt. Co., 597 F.2d 819, 825 (2d Cir. 1979) ("only clear evidence of impropriety justifies a denial of summary confirmation.") (internal quotations omitted).

Where a party opposing the confirmation of an arbitration award makes "what are in effect post hoc efforts to induce arbitrators to undermine the finality of their own awards . . . any questioning of arbitrators should be handled pursuant to judicial supervision and limited to situations where *clear evidence of impropriety has been presented.*" Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 702 (2d Cir. 1978) (emphasis added). Moreover, for purposes of judicial proceedings under FAA, it is "well settled that an arbitrator cannot be examined for the purpose of impeaching his award." Brownko Int'l, Inc. v. Ogden Steel Co., 585 F. Supp. 1432, 1435 (S.D.N.Y. 1983).[4]

## III.
## Discussion

Under these guiding principles, the court must grant Brach's motion to confirm the arbitration award. At the outset, the court notes that the language of the arbitration award itself is simple, clear and straightforward. As stated, it covers the controversies between Brach, the plaintiff, and Herbst, the defendant, pursuant to a binding arbitration agreement signed by both parties. The award was rendered after hearing arguments and after a careful analysis of the matter. And the operative language of the award itself plainly directs that "[t]he defendant

---

[4] See also Reichman v. Creative Real Estate Consultants, Inc., 476 F. Supp. 1276, 1286 (S.D.N.Y. 1979) ("the Court is without power to compel an arbitrator to state the reasons for his award . . . ."); Deiulemar Compagnia Di Navigazione, S.p.A. v. Transocean Coal Co., 2004 U.S. Dist. LEXIS 23948, at *2, n.1 (S.D.N.Y. Nov. 30, 2004) ("The Court refuses to consider the arbitrators' affidavits to the extent that they reveal the arbitrators' decision-making processes or otherwise purport to discredit or clarify the award, and further refuses to 'hold a hearing to resolve conflicts between the evidence of the arbitrators regarding the status of their deliberations on July 17, 2002, and the activities of the majority thereafter' as Respondents' counsel suggests.").

[Herbst] is required to pay the plaintiff [Brach] in the amount of $475,000 for all of the plaintiffs' claims."

Moreover, none of Herbst's protestations constitutes a basis upon which to deny Brach's motion to confirm the award. As for Herbst's argument that the arbitrators failed to properly account for the "Tress" mortgage, "[i]t is settled law in this circuit that arbitrators may render a lump sum award without disclosing their rationale for it, and that when they do, courts will not inquire into the basis of the award unless they believe that the arbitrators rendered it in manifest disregard of the law or unless the facts of the case fail to support it." Koch Oil, S.A. v. Transocean Gulf Oil Co., 751 F.2d 551, 554 (2d Cir. 1985) (quotation omitted). Here, although Herbst asked the arbitrators to clarify precisely how the "Tress" mortgage factored into their calculations, he has not argued, much less shown, that the facts of this case failed to support the resulting award issued by the panel. In fact, Herbst himself noted that the issues he raised (and the clarification he purportedly obtained) "[did] not change the net amount of the award to plaintiff Brach, in the amount of $475,000.00." (Docket No. 194 at 3.).

The remainder of Herbst's objections come very late in the day and are, in any event, wholly unsupported. Herbst's unsworn, uncorroborated, vague and conclusory assertions regarding possible malfeasance on the part of the arbitrators, raised for the first time at a status conference long after Herbst filed his original request to modify or clarify the arbitration award, fall far short of meeting his heavy burden to show fraud, partiality or misconduct that would call into question the validity of the award. Indeed, this court has given Herbst multiple opportunities to raise any and all of his objections to Brach's motion to confirm the arbitration award. For example, Herbst has failed to respond to Brach's February 26 request for confirmation of the

award and has failed to comply with this court's Orders of February 6, April 4 and May 28, 2008. Despite ample opportunities to demonstrate the legal and factual bases for his argument that the award should not be confirmed pursuant to the FAA, Herbst has failed to make such a showing. As such, this court confirms the arbitration award.

### Entry of Judgment Pursuant to Rule 54(b)

The court finds, pursuant to Federal Rule of Civil Procedure Rule 54(b), that there is no just reason for delay in entering judgment in favor of Brach, based on the court's confirmation of the arbitration award. Brach filed this case more than eight years ago and, well over a year ago, obtained an arbitration award in his favor, disposing of all claims between himself and Herbst. Having demonstrated his entitlement to confirmation of the arbitration award, based on the facts of this case, Brach shall also be granted entry of judgment in the amount of the award.

### CONCLUSION

For the reasons set forth above, Brach's motion to confirm the arbitration award in the amount of $475,000, pursuant to 9 U.S.C. § 9, is hereby GRANTED. Judgment will be entered on this award pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED.

Dated: Brooklyn, New York
June 20, 2008

_____
ROSLYNN R. MAUSKOPF
United States District Judge